# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>    Plaintiff,<br><br>v.<br><br>WALKENHORST'S,<br><br>    Defendant. | Case No. 1:19-cv-00171-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 1, 2)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Paul Nivard Beaton ("Plaintiff") is appearing pro se in this action pursuant to 28 U.S.C. § 1332. On February 6, 2019, Plaintiff filed a complaint and an application to proceed *in forma pauperis* in this action.

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

1

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.' " <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently housed at Valley State Prison. Plaintiff purchased a package for $245.30 from Walkenhorst's and he did not receive $32.00 worth of canned salmon that was

included in the order. Plaintiff wrote a letter and Walkenhorst did not answer for four months. Plaintiff brings this action seeking $79,000.00 or $1,000,000.00 in damages.

### A. Federal Jurisdiction Does Not Exist in this Action

Plaintiff brings this action against Walkenhorst's contending that diversity jurisdiction exists. Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

In order to plead a claim by virtue of diversity of citizenship, Plaintiff is required to plead the essential elements of diversity jurisdiction. Bautista v. Pan American World Airlines, Inc., 828 F.2d 546, 552 (9th Cir. 1987). Although Plaintiff is housed in the CDCR he has not included any factual allegations as to his own citizenship. Further, Plaintiff has not alleged any facts to demonstrate the citizenship of the defendant named in this action. Plaintiff has failed to allege facts to show that diversity of citizenship exists in this action.

Where a plaintiff invokes federal court jurisdiction, an amount-in-controversy allegation is accepted as true where it appears to have been made in good faith. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). In the Ninth Circuit, where it would appear that the sum claim is made in good faith, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Here, Plaintiff alleges that is seeking $79,000.00 and $1,000,000.00 in this action. Plaintiff brings this action for the failure to deliver all the items in a package that he ordered. Plaintiff did not receive salmon that cost $32.00 when he received the order. The Court finds that the damages Plaintiff is seeking is not a good faith allegation regarding the amount in controversy in this

matter. Given that the value of the package is only $245.30 and Plaintiff did not receive items valued at $32.00, the Court finds that Plaintiff cannot meet the amount in controversy requirement and the Court does not have diversity jurisdiction in this matter.

In order to determine if leave to amend should be granted, the Court considers whether Plaintiff can allege a basis for original jurisdiction. Pursuant to 28 U.S. C. § 1331, federal courts have original over "all civil actions arising under the Constitution, laws, or treaties of the United States. "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

For this action to arise under federal law, Plaintiff must establish that "federal law creates the cause of action" or his "asserted right to relief depends on the resolution of a substantial question of federal law." K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's complaint alleges that he purchased items from a company and they did not send him the items that he ordered. As Plaintiff brings this action against a private company, he cannot state a claim for violation of 42 U.S.C. § 1983 which provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The claims in this action do not arise under federal law, and therefore, there is no federal question jurisdiction.

**B.     Granting Leave to Amend the Complaint Would be Futile**

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A pro se litigant's complaint should not

be dismissed "without leave to amend 'unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.' " Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Here, the Court finds that there are no facts that Plaintiff can allege that would cure the jurisdictional deficiencies identified in his complaint. Accordingly, the Court recommends that the complaint be dismissed without leave to amend.

### C. Plaintiff's Application to Proceed *In Forma Pauperis* Should be Denied

Along with his complaint, Plaintiff submitted an application to proceed without prepayment of fees.[1] District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If a plaintiff proceeds through § 1915, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). For purposes of § 1915(e)(2)(B)(ii), the same standard for a Rule 12(b)(6) motion is utilized – the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015); see Tripati, 821 F.2d at 1370.

---

[1] The Court notes that Plaintiff's application to proceed without prepayment of fees is incomplete. It does not contain all the pages of the application or a signature. Since it would be futile to allow Plaintiff to amend his complaint, the Court declines to require Plaintiff to file a completed application to proceed without prepayment of fees in this action.

As the Court finds that it would be futile to provide Plaintiff with an opportunity to amend the complaint, the Court recommends that Plaintiff's application to proceed in this action without prepayment of fees be denied.

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff has failed to state a cognizable claim for a violation of his federal rights. Plaintiff is alleging action by a private business and there is no basis for federal jurisdiction over the claims that he is asserting in this action. Further, the Court finds that Plaintiff is unable to cure the deficiencies in his complaint and further amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND for lack of jurisdiction; and

2. Plaintiff's application to proceed without prepayment of fees be DENIED.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 13, 2019**

UNITED STATES MAGISTRATE JUDGE